**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **BRIANNA AMOS**<br>**8307 Telegraph Road**<br>**Odenton, MD 21113**<br>***Plaintiff,***<br><br>**v.**<br><br>**TRYFACTA, INC.**<br>**4637 Chabot Drive**<br>**Pleasanton, CA 94588**<br>**Serve on Resident Agent**<br>**Registered Agents, Inc.**<br>**306 W Redwood Street, Suite 200**<br>**Baltimore, MD 21201**<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**<br>**300 7th Street, S.W.**<br>**Washington, D.C. 20024**<br><br>***Defendants.*** | **Complaint No. 1:26-cv-2688** |

**COMPLAINT**

COMES NOW, Brianna Amos, Staff Sergeant ("SSgt"), by and through her attorneys, Jamaal W. Stafford, Esq., Brianna D. Gaddy, Esq., and the Law Firm of J. W. Stafford, LLC, for violations and failure to comply with Plaintiff's military service as protected under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C §§ 4301-4335 *et seq.* ("USERRA").

SSgt Amos enlisted in the D.C. Air National Guard on September 26, 2017, completing her Basic Military Training and Air Force Technical School to become a member of the 113th Medical Group. When SSgt Amos is not serving as a member of the National Guard, she works as a Registered Nurse. However, when the President of the United States called on SSgt Amos to serve in the nation's capital, her employers, Tryfacta, Inc. and the Washington

Metropolitan Area Transit Authority, terminated her employment.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, SSgt Brianna Amos is an adult resident of the State of Maryland. SSgt Amos enlisted in the D.C. Air National Guard on September 26, 2017, and continues to serve as a Staff Sergeant ("SSgt").

2. Defendant, Tryfacta, Inc. ("Tryfacta") is an employer that is registered to do business in the State of Maryland with its principal place of business in California.

3. At all times relevant to this action, Tryfacta operated continuously in the State of Maryland, with its resident agent located at 500 Thayer Center, Suite C, Oakland, MD 21550.

4. Defendant, Washington Metropolitan Area Transit Authority ("WMATA") is a governmental body in the form of an interstate compact agency, established pursuant to the laws of the District of Columbia, State of Maryland, and Commonwealth of Virginia. WMATA receives federal funding and maintains its principal office at 300 7th Street, S.W., Washington, D.C. 20024.

5. During the relevant period, SSgt Amos was employed by Tryfacta and worked for WMATA through a subcontract agreement between Tryfacta and WMATA.

6. Similarly, at all relevant time SSgt Amos was an employee of WMATA as defined by 38 U.S.C. § 4303(3).

7. At all times relevant to this action, Defendants were Plaintiff's "employers" within the meaning of 38 U.S.C. § 4303(4)(A)(i).

8. This court has federal jurisdiction pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(3).

9. This Court has personal jurisdiction over Defendants because Defendants conduct

business, and committed the acts complained of within this judicial district.

10. Venue is proper pursuant to 28 U.S.C. § 1391 and 38 U.S.C. § 4323(c)(2).

**FACTS IN COMMON TO ALL COUNTS**

11. On July 1, 2025, SSgt Amos was hired by Tryfacta, a California-based workforce provider specializing in AI-enabled staffing with government and commercial sector solutions and employs over 6,700 professionals in more than 185 programs across 40 states.

12. Specifically, SSgt Amos was hired by Tryfacta to perform services as an Occupational Health Registered Nurse ("RN") on a contract that Tryfacta had with WMATA.

13. SSgt Amos's contract with WMATA began on July 14, 2025, and she was informed during the onboarding process that the contract would continue for at least a year with the possibility of extension.

14. Tryfacta and WMATA served as joint employers of SSgt Amos as both maintained control over the conditions of her employment.

15. Tryfacta maintained the authority to hire and fire SSgt Amos and maintained possession over SSgt Amos's employment records, including her payroll, insurance, and tax information.

16. Notwithstanding the foregoing, WMATA is identified as the home department on SSgt Amos' paystubs.

17. Similarly, SSgt Amos's W-2 lists Tryfacta as her employer, and WMATA is listed under Box d. Control number.

18. WMATA exercised day-to-day supervision and control over SSgt Amos's employment, directed the manner and means by which she performed her work, and furnished the tools and resources necessary to perform her job, including a laptop and computer license.

19. WMATA's Administrative Manager, Tina Higgins, additionally provided SSgt Amos with an employee handbook, onboarding materials, and her job description upon her first day of work.

20. SSgt Amos was directly supervised by WMATA's Medical Director, Dr. Norman Quesada ("Dr. Quesada"), who communicated her duties and responsibilities; assigned her work schedule; approved her requests for leave and payroll hours; evaluated her performance; and provided instruction, guidance, and training concerning work assignments.

21. WMATA also maintained the authority to hire and fire SSgt Amos by directing Tryfacta to terminate her contract with WMATA, further demonstrating its control over the terms and conditions of her employment.

22. At all times relevant to this action, SSgt Amos has been an enlisted member of the District of Columbia Air National Guard and is assigned to the 113th Medical Group within the D.C. National Guard.

23. On August 11, 2025, the Secretary of the Army directed activation of SSgt Amos by Order of the President of the United States in support of "Operation Make DC Safe and Beautiful 2025."

24. SSgt Amos's Orders detailed the activation period as August 15, 2025, to September 25, 2025.

25. On August 16, 2025, Colonel Karolyn Teufel, Commander of the 113th Medical Group of the DC Air National Guard, issued a Memorandum for Employer of Service Member, which was supplied to both Tryfacta and WMATA by SSgt Amos's colleague, Kendra Deshields.

26. The Memorandum notified employers that SSgt Amos had been involuntarily activated as of August 11, 2025.

27. Further, the Memorandum advised employers to contact the National Committee Employer Support of the Guard and Reserve ("ESGR") if they had any questions or required additional information related to their employee (SSgt Amos) and USERRA.

28. Although she was required to work a full-time schedule with the National Guard, SSgt Amos managed to work two to three days per week at WMATA from August to September.

29. After the first month of SSgt Amos's activation, she realized that she could work almost every day with WMATA if she was able to leave her shift at WMATA approximately twenty to thirty minutes early to account for travel time to Bolling Air Force Base, which is where she reported for duty.

30. WMATA granted SSgt Amos's request to leave early, so long as she created a Microsoft Teams calendar event each day that provided the time she needed to leave early and carbon copied all other RNs for awareness purposes.

31. Dr. Quesada approved all of her requests to leave early.

32. On September 11, 2025, at the request of the President, the National Guard extended SSgt Amos's original Orders, which required her to continue her involuntary activation through December 31, 2025.

33. On September 23, 2025, SSgt Amos sent an email notifying Tryfacta and WMATA of her mandatory extension of duty with the D.C. Air National Guard.

34. When SSgt Amos was not required to be on post with the D.C. Air National Guard, she reported to work for WMATA when opportunities were available.

35. On or about November 13, 2025, SSgt Amos received a voicemail from Tryfacta's Manager of Operations and Credentialing, Karan Puri ("Mr. Puri"), informing SSgt Amos that her contract of employment for her assignment at WMATA through Tryfacta was terminated effective

as of November 12, 2025.

36. However, SSgt Amos was actively working onsite at WMATA on November 13, 2025, and was never notified by her Medical Director nor any WMATA personnel that her contract was terminated.

37. On or about November 13, 2025, SSgt Amos received a subsequent email from Mr. Puri, reiterating SSgt Amos's termination and request for return of company property.

38. SSgt Amos later returned Mr. Puri's call to request the reasoning for her termination.

39. During the call, Mr. Puri told SSgt Amos that her contract was being terminated due to her "limited availability."

40. SSgt Amos requested that Mr. Puri provide the reasoning for her termination in an email, to which he agreed.

41. However, Mr. Puri never sent a follow up email to SSgt Amos with this reasoning, despite her multiple follow-up attempts.

42. At no relevant time during this action did Tryfacta or WMATA attempt to reinstate SSgt Amos nor did it inform her of her right to reinstatement following the conclusion of her military duties.

43. Upon information and belief, Tryfacta's termination of SSgt Amos's employment was in retaliation for her military service in the National Guard.

44. Because of Tryfacta's unlawful termination of SSgt Amos, she has suffered damages including lost wages and benefits, diminished career advancement opportunities, emotional distress, and other consequential financial losses.

## CAUSE OF ACTION

## COUNT I

**Violation of the Uniformed Services Employment and Reemployment Rights Act 38 U.S.C. §§ 4301-4335 *et seq.***

45. Plaintiff hereby restates and incorporates Paragraphs 1 through 44 hereof as though fully set forth herein.

46. 20 C.F.R. § 1002.1 implements 38 U.S.C. §§ 4301-4334 which establishes certain employee rights and benefits along with employer duties.

47. 20 C.F.R. § 1002.6 establishes the USERRA definition of "service in the uniformed services". This includes duties performed on an involuntary basis in time of peace and war.

48. Additionally, 20 C.F.R. § 1002.6 applies to the National Guard.

49. USERRA provides that a member of the uniformed services shall not be denied retention in employment by an employer on the basis of that membership, performance of service, or obligation. 38 U.S.C. § 4311(a).

50. An employer violates USERRA if an employee's "membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action." 38 U.S.C. § 4311(c)(1).

51. Additionally, "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services" shall be entitled to reemployment if the employee has given advance written notice of such service to the employer. 38 U.S.C. § 4312(a)(1).

52. SSgt Amos was an "employee" covered by 38 U.S.C. § 4303(3),

53. Furthermore, SSgt Amos had an obligation to perform service in a uniformed

service pursuant to 38 U.S.C. § 4311(a).

54. Tryfacta is an "employer" under 38 U.S.C. § 4303(4)(A)(i).

55. WMATA is an "employer" covered by 38 U.S.C. § 4303(4)(A)(iii).

56. Under 38 U.S.C. § 4311(a), SSgt Amos was denied, among other things, retention in employment by Defendant, as SSgt Amos's service in the D.C. Air National Guard was a motivating factor in their decision to terminate her employment.

57. Indeed, Mr. Puri's reference to SSgt Amos's "limited availability" makes clear that her service under Orders of the D.C. Air National Guard was a motivating factor in Tryfacta's decision to terminate her employment in direct violation of 38 U.S.C. § 4311(c)(1).

58. Defendant's failure to retain SSgt Amos's employment, as required by USERRA, was motivated by SSgt Amos's obligation to serve in the D.C. National Guard and Defendant's violation of USERRA was done so knowingly and willfully, causing substantial harm to SSgt Amos.

**WHEREFORE**, this Court should hold that Defendants are jointly and severally liable to Plaintiff under Count I for all lost wages, benefits, in such amounts as are proven at trial, plus an amount in liquidated damages, reasonable attorney's fees, the cost of this action, and any other and further relief as this Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, SSgt Brianna Amos, requests the entry of a judgment in her favor and against Defendants, Tryfacta and WMATA, jointly and severally, as follows:

A. Award loss of wages and benefits through the date of judgment, which are in excess of $75,000;

B. Award liquidated damages;

C. Award reasonable attorney fees and costs incurred herein;

D. Award pre- and post-judgment interest on all amounts owed as allowed by law; and

E. Grant such other and further relief as this Court deems just and appropriate.

**JURY TRIAL DEMAND**

Plaintiff SSgt Brianna Amos demands trial by jury on all issues so triable.

Respectfully submitted,

7/8/2026
Date

Jamaal W. Stafford, Esq.
(Bar No. 29491)
Brianna D. Gaddy, Esq.
(Bar No. 22086)
The Law Firm of J.W. Stafford, LLC
10400 Little Patuxent Parkway, Suite 290
Columbia, MD 21044
(410) 514-6099
jay@staffordtrialteam.com
brianna@staffordtrialteam.com
*Attorneys for Plaintiff*